IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                Plaintiff,

v.                                                                    **OPINION & ORDER**

RANDALL HEPP, GEORGE COOPER,                       15-cv-134-jdp
and MARC CLEMENTS,

                Defendants.

---

Plaintiff Ryan Rozak, a prisoner in the custody of the Wisconsin Department of Corrections at the Fox Lake Correctional Institution, brings Eighth Amendment conditions of confinement claims that defendant prison officials are subjecting him to unsafe levels of lead and copper in the water supply. This order addresses several motions plaintiff has filed.

**A. Copies of exhibits**

Plaintiff has filed a motion asking for copies of the various evidentiary materials he has submitted to the court. Dkt. 27. Electronic copies of these documents are on the court's ECF system, so I will direct the clerk of court to return to him the original sets of documents he submitted, Dkt. 17 & 20.

**B. Motions to amend complaint**

Plaintiff has filed three motions to amend the complaint. The first of these is more properly construed as a motion to reconsider the July 16, 2015 screening order. Dkt. 26. In that order, I allowed plaintiff to proceed with conditions of confinement claims against former warden Marc Clements, current warden Randall Hepp, and complaint examiner George Cooper for improperly addressing the known danger from elevated levels of lead and copper in the water supply. Dkt. 22. I did not allow plaintiff to proceed on separate Eighth

Amendment claims concerning his medical treatment for alleged problems stemming from the water quality, because plaintiff did not include allegations showing that he made the medical staff defendants aware of most of his problems. *Id.*, at 5-6. When he complained about severe headaches, plaintiff was sent to a specialist, who told him "'it's normal.'" *Id.*, at 6.

In his motion, plaintiff states that he suffers from pain, weight loss, and gastrointestinal problems. Dkt. 26, at 1. But he does not specifically allege that he alerted medical staff to these problems, nor does he explain how they responded to his complaints. Because plaintiff does not provide new allegations suggesting that the individuals named as defendants in this lawsuit acted with deliberate indifference toward his medical needs, I will deny his motion to reconsider the screening order.

Plaintiff has also filed two motions asking to add as defendants various prison and state officials who, from their job titles, are likely involved with the prison water supply or water quality testing. Dkt. 31 & 34. However, plaintiff does not include any allegations about any actions taken by these officials, so plaintiff does not explain how any of them acted with deliberate indifference regarding the water quality. Plaintiff cannot add new defendants to this case without including allegations explaining how they violated his rights, so I will deny these motions.

C.  Recruitment of counsel

As for plaintiff's motion for the court's assistance in recruiting counsel, I stated in the July 16 order that it was too early to determine whether this case was "one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it" and that "[t]he case has not passed the relatively early stage in which a defendant may file a motion for summary judgment based on exhaustion of

administrative remedies." Dkt. 22, at 7. Plaintiff now renews his motion. Dkt. 35. The exhaustion deadline has passed, and I conclude that recruiting counsel is appropriate given what could be complex scientific public health issues in this case. Therefore, I will grant plaintiff's motion and attempt to locate counsel to assist him.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ryan Rozak's motion for copies of his evidentiary materials, Dkt. 27, is GRANTED. The clerk of court is directed to return the original copies of these submissions, Dkt. 17 & 20.

2. Plaintiff's motions to amend the complaint, Dkt. 26, 31, & 34, are DENIED.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 35, is GRANTED.

4. The schedule in this case is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule.

Entered February 10, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge