IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

    Plaintiff,

v.

                                                  Case No. 15-CV-134

RANDALL HEPP, ET AL.,

    Defendants.

---

## HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(l), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

    1.    The parties and their attorneys are hereby authorized to receive and transmit "protected health information" pertaining to Fox Lake Correctional Institution's current and former inmates subjected to Fox Lake Correctional Institution's water supply between January 1, 2009 to the present.

    2.    For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, without limitation, health or demographic information relating to: (i) any inmate health complaints related to Fox Lake Correctional Institution's water supply between January 1, 2009 to the present; (ii) any inmate health requests for accommodation or treatment related to Fox Lake Correctional Institution's water supply; and (iii)

and treatment inmates received related to Fox Lake Correctional Institution's water supply between January 1, 2009 to the present.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to current and former inmates at Fox Lake Correctional Institution to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, paralegals, staff members, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. The parties and their attorneys shall not provide any incarcerated person access to protected health information of any other incarcerated person, nor shall the parties and their attorneys share the protected health information in such a way that may identify the incarcerated individual to whom the information belongs. The parties and their attorneys shall redact any protected health information before providing materials to any incarcerated individual.

5. Prior to disclosing the protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, Plaintiff and Defendants, their respective attorneys, and any person or entity in possession of protected

health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information pertaining to the current and former inmates at Fox Lake Correctional Institution, except that counsel is not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to the current and former inmates at Fox Lake Correctional Institution that come into the possession of the parties, or their attorneys, from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for Plaintiff or Defendants to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file protected health information under seal.

Dated: JANUARY 24, 2017

ENTERED

James D. Peterson
District Court Judge